UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATIMA VANGEL,

        Plaintiff,

                              Case No: 12-15312
v.                              Hon. Victoria A. Roberts

NICHOLAS SZOPKO, a Dearborn Heights
police officer, et al.,

        Defendants.
_____/

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION (Doc. 11)**

**I.    INTRODUCTION**

        Before the Court is Fatima Vangel's ("Plaintiff") March 27, 2013, Motion to Set Aside certain conditions in the Court's Order dismissing without prejudice her previously filed action, Case No. 11-10549 (the "First Action").  Specifically, Plaintiff asks the Court to set aside: (1) a condition requiring her to pay Defendants' costs from the First Action if she re-files the litigation; and (2) a condition that Defendants' Request for Admissions dated November 21, 2011, be deemed admitted in any subsequent action Plaintiff files based on the same facts.  The matter is fully briefed.

        Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.  The Court **ORDERS** the following:

        (1) Plaintiff does not have to pay Defendants' attorney fees from the First Action.

        (2) Defendants may recover $1,000 of their costs from the First Action from Plaintiff.  Plaintiff must pay Defendants this amount by December 16, 2013.  This action

is stayed until this condition is met.

(3) Plaintiff's deemed admissions are set aside. Plaintiff must respond to Defendants' Request for Admissions by December 16, 2013. Defendants may supplement this Request for Admissions with a second set that more accurately reflects the underlying allegations.

## II.    PROCEDURAL HISTORY

### A.    The Current Action

Plaintiff brings the current action against several named and unnamed Dearborn Heights police officers and the City of Dearborn Heights ("Defendants"). Plaintiff alleges three claims in her Complaint; all three counts are brought under 42 U.S.C. § 1983. In Counts One and Two, respectively, Plaintiff says Defendants violated her Fourth and Fourteenth Amendment rights by: (1) unlawfully entering her home and unlawfully arresting her on July 7, 2009; and (2) unlawfully arresting her on August 9, 2012. In Count Three, Plaintiff alleges the City of Dearborn Heights violated her Constitutional rights by implementing an unconstitutional practice or policy or, alternatively, by failing to adequately train or supervise.

### B.    The First Action

On February 11, 2011, Plaintiff filed the First Action; these claims were based solely on her July 2009 arrest. Plaintiff named the same defendants in the First Action that she names in the current action, except that: (1) police chief Lee Gavin was only named in the First Action; and (2) Plaintiff names two additional officers, Christopher Pellerito and Pat Thomas, as well as unidentified John Doe officers in the current action.

In addition to alleging § 1983 claims, Plaintiff brought three state law claims – assault and battery, false arrest, and false imprisonment.

On October 3, 2011, Plaintiff's counsel moved to withdraw. The Court granted this motion on October 12 and gave Plaintiff until November 14, 2011, to obtain replacement counsel or proceed in pro per. On November 21, 2011, Defendants served Plaintiff – who had not yet retained new counsel – with their Request for Admissions ("RFA"). Defendants' RFA included a clear warning that failure to respond within 30 days would deem the RFA admitted. Plaintiff failed to timely respond.

On March 21, 2012, Defendants moved to dismiss based on Plaintiff's failure to attend her scheduled deposition on two occasions. Plaintiff did not respond to this motion. Instead, on April 2, 2012, Plaintiff filed a Motion for Voluntary Dismissal. Although she filed this motion in pro per, Plaintiff admits in an affidavit in the current action that an attorney helped her draft the motion. Defendants responded to Plaintiff's motion and asked the Court to either dismiss the action with prejudice or, in the alternative, dismiss the action without prejudice under the following conditions:

(1)   Should Plaintiff re-file this litigation, Defendants' Request for Admissions dated November 21, 2011, shall be deemed admitted in any subsequent action filed by Plaintiff arising out of these events and occurrences;

(2)   Should Plaintiff re-file this litigation, Plaintiff must pay Defendants' costs of the previous action pursuant to Federal Rule of Civil Procedure 42(d)(1); and

(3)   Should Plaintiff re-file this litigation, all of the discovery conducted to date ... shall retain its full effect and may be used for any purpose permitted ... as if [they] were compiled in that litigation.

Plaintiff replied to Defendants' response and asked the Court to grant voluntary

3

dismissal without the conditions.

On April 30, 2012, the Court granted Plaintiff's Motion for Voluntary Dismissal. Upon finding Defendants' proposed terms "reasonable and just," the Court included them as conditions of dismissal.

### C. Plaintiff's Motion Before the Court

Plaintiff filed the current action on December 3, 2012. On March 20, 2013, the Court held a telephone status conference with the parties. Based on the discussion, the Court entered an Order dated March 22, 2013, requiring Plaintiff to file a motion for relief from the Court's Order dismissing the First Action. The Court also stayed discovery pending the resolution of Plaintiff's motion. Plaintiff filed her motion on March 27, 2013. The matter is fully briefed.

## III. ANALYSIS

In her motion, Plaintiff asks the Court to set aside the first two conditions in the dismissal Order, which: (1) requires Plaintiff to pay Defendants' costs from the First Action; and (2) deems admitted Defendants' RFA dated November 21, 2011.

### A. Costs of the First Action

In her motion, Plaintiff argues Defendants are not entitled to recover attorney fees. The Court agrees. Sixth Circuit precedent clearly establishes that "costs" under Fed. R. Civ. P. 41(d) do not include attorney fees. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) ("We now hold that attorney fees are not available under Rule 41(d).").

In arguing they are entitled to attorney fees, Defendants disregard Rule 41(d).

4

Instead, Defendants rely on Fed. R. Civ. P. 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Therefore, Defendants say, they are entitled to attorney fees because the Court is permitted to condition dismissal on payment of attorney fees.

In dismissing the First Action without prejudice, the Court adopted Defendants' proposed term regarding payment of costs. It provides that: "Should Plaintiff re-file this litigation, Plaintiff must pay Defendants' costs of the previous action pursuant to Federal Rule of Civil Procedure 41(d)(1)[1]." Although the Court dismissed the First Action pursuant to its power under Rule 41(a)(2), Defendants' proposed condition refers only to costs under Rule 41(d), not attorney fees. Based on the clear language of the term and Sixth Circuit precedent, it would be improper to require Plaintiff to pay Defendants' attorney fees under Rule 41(d). *See Rogers*, 230 F.3d at 874.

Moreover, Defendants' argument that they are entitled to attorney fees because Rule 41(a)(2) allows the Court to condition voluntary dismissal on the payment of attorney fees fails. Since the term of dismissal only mentioned "costs" under 41(d), using Rule 41(a)(2) to now include attorney fees would be unfair to Plaintiff. If Defendants wanted the dismissal to be conditioned on payment of attorney fees, their term should have explicitly called for attorney fees.

Accordingly, Plaintiff does not have to pay Defendants' attorney fees from the First Action.

---

[1]The Court, and Defendants, erroneously referred to Rule 42(d)(1) instead of 41(d)(1). It is apparent from the record – both from this action and the First Action – that the parties understood that the Court meant Rule 41(d)(1).

Plaintiff next argues Defendants are not entitled to recover costs from the First Action. Specifically, Plaintiff says Defendants cannot recover costs because: (1) Fed. R. Civ. P. 54(d) (Judgment; Costs) and Local Rule 54.1 (Taxation of Costs) direct that a bill of costs must be filed 28 days after entry of judgment, and Defendants did not file a bill of costs within 28 days after she filed the current action; (2) none of the expenses submitted are taxable under the Bill of Costs Handbook; (3) she did not act vexatiously or in bad faith in seeking the voluntary dismissal, and did not gain a tactical advantage from the dismissal; and (4) Defendants were not prejudiced financially since all previous discovery is incorporated into this action.

Plaintiff's reliance on Rule 54 and the Bill of Costs Handbook is misplaced. Rule 54 relates to judgments and the allowance of costs to a prevailing party. Similarly, the Bill of Costs Handbook applies only to taxing costs after entry of judgment. *See* Bill of Costs, Section (I)(B). Moreover, the preamble to Bill of Costs Handbook states it should not be cited as legal authority. Thus, Plaintiff's first two arguments fail.

Plaintiff's other arguments also fail. Under Fed. R. Civ. P. 41(a)(2), the Court may grant a voluntary dismissal "on terms that the court considers proper." *See Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009) ("A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice."). Indeed, Plaintiff acknowledges that it is not necessary for the Court to find that she acted in bad faith.

In the Order of Dismissal dated April 30, 2012, the Court found it "reasonable and just" to require Plaintiff to pay Defendants' costs from the First Action should she re-file

the litigation. The Court again finds it reasonable and just for Plaintiff to pay at least a portion of Defendants' costs from the First Action. However, based on review of the more complete record (i.e., Defendants' Bill of Costs and the parties' briefing), the Court finds that Plaintiff must only pay $1,000 of Defendants' costs – which represents slightly less than thirty percent of their costs.

Contrary to Plaintiff's assertion, Defendants have been prejudiced financially by the dismissal. In the current action, Plaintiff alleges an additional § 1983 count against Defendants. Plaintiff also adds several defendants in this action. In addition, Plaintiff included many sensational allegations and three additional state law claims in the First Action that she does not allege in the current action. The differences between the First Action and current action will require Defendants to conduct supplemental discovery. Furthermore, some of the discovery Defendants conducted in the First Action is no longer relevant.

The prejudice Defendants face is a direct result of Plaintiff's failure to follow the Court's order to either obtain replacement counsel or proceed in pro per. Plaintiff should have either (1) retained new representation during the time allotted, or (2) diligently prosecuted her case without representation. Plaintiff did neither. Instead, she abandoned the prosecution of her case and decided to voluntarily dismiss her suit only after Defendants filed a motion to dismiss.

Although Plaintiff says she tried to find replacement counsel, the Court is not satisfied that she did so with diligence. In a letter to Defendants' counsel – which was attached to her letter to the Court dated January 28, 2012 – Plaintiff says she did not receive Defendants' RFA until she returned from California on December 20, 2011.

7

Defendants' RFA was dated November 21, 2011.  Therefore, Plaintiff was in California for at least one month while she should have been attempting to find a new attorney.  Notably, after Defendants filed their motion to dismiss, Plaintiff found an attorney to help her draft her motion for voluntary dismissal.  However, she was unable to retain an attorney for the preceding five months.

Due to Plaintiff's lack of diligence in the First Action and the prejudice to Defendants, the Court finds it reasonable and just for Plaintiff to pay thirty percent of Defendants' costs from the First Action.  *See Bridgeport Music, Inc.*, 583 F.3d at 954.

Defendants say they are entitled to recover all costs from the First Action.  The Court does not agree.  Many of the expenses Defendants incurred in the First Action are costs they will ultimately incur in the current action.  It would be unreasonable for Plaintiff to pay all of Defendants' costs.  Furthermore, Defendants failed to provide Plaintiff, or the Court, with a summary of costs in the First Action.  Because Defendants failed to include a summary of costs, Plaintiff was not notified of the approximate amount of costs she would have to pay if she re-filed the litigation.  Without this knowledge, Plaintiff did not have an opportunity to withdraw her motion if she thought the amount would be too burdensome.  *See Duffy v. Ford Motor Co.*, 218 F.3d 623, 631 (6th Cir. 2000).  Thus, imposing the full amount of Defendants' costs would be unreasonable.

Plaintiff must pay $1,000 of Defendants' costs from the First Action.  Plaintiff must pay this amount by December 16, 2013.  This action is stayed until this condition is met.

B. **Defendants' Request for Admissions**

Plaintiff asks the Court to set aside her deemed admissions to Defendants' RFA. Plaintiff says the Court should allow her to withdraw the admissions under Fed. R. Civ. P. 36(b), because: (1) preserving the admissions would eliminate presentation of the merits for her claim based on the July 2009 arrest; and (2) Defendants will not be prejudiced, as contemplated by Rule 36(b), by withdrawal of the admissions. Defendants say Rule 36(b) is inapplicable because the admissions were carried over to the current action pursuant to the Court's Order granting voluntary dismissal under Rule 41(a)(2).

Under Rule 36(b), the Court "has considerable discretion over whether to permit withdrawal ... of admissions." *Kerry Steel, Inc. V. Paragon Industries, Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (citation omitted). Rule 36(b) "permits withdrawal (1) 'when the presentation of the merits will be subserved thereby,' and (2) 'when the party who obtained the admission fails to satisfy the court that withdrawal ... will prejudice that party in maintaining the action or defense on the merits.'" *Id.* Importantly, "the prejudice contemplated by Rule 36(b) is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Id.* (citation and internal brackets omitted).

Allowing withdrawal of the deemed admissions will serve the presentation of the merits. Defendants' RFA go to the core issues of the July 2009 arrest. For example, the RFA asked Plaintiff to admit she suffered no injuries as a result of that arrest. Because Plaintiff's admissions to Defendants' RFA would "practically eliminate any presentation of the merits" for her claim based on the July 2009 arrest, the first prong of

9

the test is satisfied. *See Lovejoy v. Owens*, 86 F.3d 1156, 1996 WL 287261, at *2 (6th Cir. 1996)(unpublished).

The second prong of the test is also satisfied. Although withdrawal of the admissions will require Defendants to present a defense and convince the fact finder of the truth of that defense, this does not amount to the prejudice contemplated by Rule 36(b). *See Kerry Steel*, 106 F.3d at 154. Rather, prejudice under Rule 36(b) "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal ... of an admission. *Id.* (citation omitted). Defendants fail to show they will face any special difficulties or unfair prejudice if withdrawal of the admissions is permitted. Therefore, the prejudice prong weighs in favor of allowing withdrawal.

Because withdrawal of the admissions will serve the presentation of the merits and Defendants will not suffer prejudice as contemplated by Rule 36(b), Plaintiff's deemed admissions are set aside. Plaintiff must respond to Defendants' Request for Admissions by December 16, 2013. Defendants may supplement this Request for Admissions with a second set that more accurately reflects the underlying allegations.

**IV. CONCLUSION**

Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** the following:

(1) Plaintiff does not have to pay Defendants' attorney fees from the First Action.

(2) Defendants may recover $1,000 of their costs from the First Action from Plaintiff. Plaintiff must pay Defendants this amount by December 16, 2013. This action is stayed until this condition is met.

(3) Plaintiff's deemed admissions are set aside.  Plaintiff must respond to Defendants' Request for Admissions by December 16, 2013.  Defendants may supplement this Request for Admissions with a second set that more accurately reflects the underlying allegations.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 25, 2013

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 25, 2013.

S/Linda Vertriest
Deputy Clerk

---